**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AL DAVIS, | No. 12-55361 |
| Plaintiff - Appellant, | D.C. No. 5:10-cv-01483-VAP-DTB |
| v. | |
| DALE MA; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted April 8, 2014[**]
Pasadena, California

Before: THOMAS, M. SMITH, and CHRISTEN, Circuit Judges.

Al Davis entered a Burger King restaurant with a 13-week-old puppy and

was denied service under the restaurant's "no dogs" policy. Alleging that he is

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

1

disabled and that he was training the puppy to be a service animal, Davis filed a complaint making claims for disability discrimination under the Americans with Disabilities Act and the California Unruh Civil Rights Act. The district court granted summary judgment for the defendants on the ground that Davis had not raised a genuine issue of material fact about whether the puppy was a service animal, or whether a service animal could help ameliorate his disability. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Both California and federal law require a showing that an individual's disability can be ameliorated by a particular service animal. *See* 28 C.F.R. § 36.104; Cal. Civ. Code § 54.1(b)(6)(C)(iii). In its order granting summary judgment, the district court found that Davis failed to raise a triable issue of fact about whether a service dog could ameliorate his disability. On appeal, Davis does not argue the district erred by finding he failed to raise a genuine issue of fact that his disability is capable of being ameliorated by a service dog. Davis has thus waived any objection to this finding, *see Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003), and he cannot prevail on his disability discrimination claims.

Davis also argues the district court erred by dismissing his claims for racial discrimination and intentional infliction of emotional distress. Although Davis

2

stated in his claim for intentional infliction of emotional distress that "[d]iscrimination against disabled minorities . . . is unusually damaging . . . when the discrimination is against a person of African-American heritage," the complaint did not make an independent claim for racial discrimination. Neither did the district court err by granting summary judgment on Davis' claim for intentional infliction of emotional distress. This claim was based on Davis' underlying claims of disability discrimination, and he failed to show that the defendants engaged in "extreme or outrageous conduct" by enforcing its "no dogs" policy. *See Hughes v. Pair*, 209 P.3d 963, 976 (Cal. 2009) (laying out elements of claim for intentional infliction of emotional distress).

**AFFIRMED.**